## STATE OF CONNECTICUT *v.* HERBERT JOHNSON
## (5198)

BORDEN, STOUGHTON and FOTI, Js.

Submitted on briefs May 17—decision released June 20, 1989

*Michael J. McClary* and *Hugh F. Keefe* filed a brief for the appellant (defendant).

*Harry Weller,* deputy assistant state's attorney, filed a brief for the appellee (state).

PER CURIAM. In this appeal, we earlier rejected all but one of the defendant's claims of error. See *State v. Johnson,* 14 Conn. App. 586, 543 A.2d 740 (1988). His final claim was that he was denied certain discovery rights with respect to the videotape of his interview with the court appointed psychiatrist, Howard Zonana. That claim rested on the factual premise that Zonana was acting as an agent for the state when he conducted pretrial psychiatric interviews with the defendant. With respect to that claim, we concluded that the record was inadequate and remanded the case for an evidentiary hearing to resolve that factual issue. Id., 600–601. We retained supervision of the case on appeal, and stated that if the trial court found that

Zonana was not acting as such an agent, we would dispose of the appeal on the basis of those findings. Id., 604.

Upon the remand, the trial court, *Ronan, J.*, held the required evidentiary hearing and concluded that Zonana was not acting as an agent for the state when he conducted those interviews. The defendant now argues that this finding was erroneous. We disagree.

Whether a court appointed psychiatrist crosses the threshold into an agency relationship with the state is a question of fact. Id. Thus, the trial court's determination of that issue will be disturbed only if it is clearly erroneous. *Sink* v. *Meadow Wood Country Estates, Inc.*, 18 Conn. App. 569, 574, 559 A.2d 725 (1989).

The trial court found the following facts. Although Zonana was a personal friend of then state's attorney Arnold Markle, their social relationship was casual and consisted of vacation visits and occasional lunches. Markle did contact Zonana and requested that he examine the defendant, but thereafter Markle played no part in the manner, conduct, technique or result of the examination. Zonana was hired in his professional capacity to examine the defendant. His bill for services was submitted to the state for payment. His fee was not contingent in any way, and there was no prearrangement between him and the state's attorney.

The court also found that Zonana had worked for a variety of prosecutors and defense attorneys. Although Zonana's interview with the defendant was recorded on videotape, it was not requested by Markle and he played no part in it. Although Markle may have known of the videotaping, he neither saw nor heard the tape.

The court found that Zonana had conducted similar examinations of other defendants, and did not conduct all of the requests by Markle for the evaluation of

defendants. The court further found that the consent form signed by the defendant was prepared and maintained by "Zonana's law and psychiatry unit,"[1] and was not given to the Markle. The only documents given to him were Zonana's final report and photocopies of authoritative sources.

These facts are supported by the record of the evidentiary hearing in this case. They fully support the court's finding that Zonana was not an agent of the state.

There is no error.

---

[1] The transcript indicates that this is a unit of the Connecticut Mental Health Center, which is associated with the Yale School of Medicine.